TORPY, C.J.,
concurring.
I concur in the majority opinion. The conspiracy statute, section 893.135(5), makes it a crime to commit “any act prohibited by subsection 1.” In my view, the prohibited act is “trafficking” in the various types of drugs. This is made clear to me by the title and language of the statute.[3] The title to the statute is, “Trafficking; ... conspiracy to engage in trafficking.” (Emphasis added). Each of the enumerated subsections describes a different way to commit the crime of “trafficking.” The subsection that pertains to cocaine, subsection l(b)l., in particular, defines the crime “known as ‘trafficking in cocaine.’” In enacting section 893.135, the legislature created a new crime and attached to it a new label. Accordingly, when two people agree to engage in a transaction involving a trafficking quantity of the drug, just as the title states, it is appropriate to charge them with conspiracy to engage in trafficking in the drug. A common economic enterprise or objective is not an element of the crime, only an agreement to commit an enumerated offense. I thus conclude that the there is no ambiguity in this statute and concur in the opinion affirming the conviction and agree that we should recede from Davis.

. I think prohibited act means the same thing as "any offense" in the general conspiracy statute, section 777.04(3).